UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THEODORE MACON CARRINGTON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-3575 (UNA) |
| ) | |
| DONALD J. TRUMP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and the complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (en banc) (cleaned up). A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Plaintiff, a civilly committed detainee at the Federal Medical Center in Butner, North Carolina, alleges that the current President of the United States "has orchestrated the biggest, illegal power grab in the History of U.S. Elections[.]" Compl. at 6 (page numbers designated by CM/ECF). He demands that the President "face criminal charges for his actions, and pay [plaintiff] $75 billion dollars." *Id.* at 11. Further, he demands payment of $75 billion from the

1

Attorney General of the United States, the United States Department of Justice, and the Federal Elections Commission," *id.*, and his release from prison, *see id.*

Missing from the complaint are any factual allegations establishing that plaintiff sustained (or is likely to sustain) an injury resulting from any defendant's action. "[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74. Because plaintiff fails to allege facts sufficient to establish standing, the Court lacks subject matter jurisdiction.

Insofar as plaintiff demands release from custody, this Court is not the proper forum for adjudication of this habeas claim. The proper respondent in a habeas corpus action is plaintiff's custodian, *see Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), and this "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).

An Order is issued separately.

Date: November 24, 2025

TREVOR N. McFADDEN
United States District Judge